### [No. 4036.]

### THE FARM INVESTMENT CO. ET AL. v. THE ALTA. LAND AND WATER CO. ET AL.

1. MORTGAGES—AFTER ACQUIRED PROPERTY.

Where apt words are used in a mortgage, property acquired by the mortgagor subsequent to its execution may become subject to the mortgage but property standing in the name of some person other than the mortgagor cannot become subject to the lien of the mortgage unless the mortgagor has a legal or equitable interest therein.

2. SAME—CORPORATIONS—DITCH COMPANIES.

Where a ditch company mortgaged its entire line of ditch, with all laterals and reservoirs, then in existence or thereafter to be constructed, its, pump, boiler, pipes and all appliances and fixtures used in the operation of the ditch together with all rights, privileges, franchises and water rights of the mortgagor, and after constructing several miles of ditch and using all the money borrowed from the mortgagee in the construction thereof the pumping plant proved to be inadequate to supply the ditch with water and the work was abandoned, and the principal officers of the mortgagor company organized another company and with their own money, and without using any of the mortgagor's money for the purpose,

constructed another ditch at great cost to conduct water to the mortgagor's ditch and through it to water the lands intended to be watered by mortgagor's ditch, and with the intention of deeding the last ditch to the mortgagor when completed, the mortgagor company had neither a legal nor equitable interest in the ditch constructed by the new company and the mortgage lien did not extend to such ditch, and the fact that the officers of the mortgagor company were also officers of the new company did not estop the new company from acquiring a separate and distinct appropriation of water from that of the mortgagor company.

*Appeal from the District Court of Mesa County.*

Mr. JAMES W. McCREERY and Mr. J. S. CARNAHAN for appellants.

Mr. C. F. CASWELL for appellees.

Mr. JUSTICE STEELE delivered the opinion of the court.

In an action to foreclose a deed of trust executed by The Alta Land and Water Company to secure the payment of a note for $6,000, the appellants, in the court below, sought to subject certain ditches and appropriations of water not owned by The Alta Land and Water Company at the time of giving the deed and note to the lien of their deed of trust, under a clause in the deed which is as follows:

"* * * An irrigating ditch known as the Alta Land and Water Company's ditch, the head of said ditch being on the west side of the Grand river, in section nine, township eleven south, of range ninety-eight west of the sixth principal meridian, in Mesa county, Colorado, and supplied by pumping water from the Grand river, and including the entire line of said ditch, as now constructed and hereafter to be constructed, with all laterals and reservoirs, now constructed and to be constructed, along the line of said ditch by said company. Also one Swan Hot Air Pump of three thousand (3,000) gallons per minute capacity, together

with one air compressor, tank, boiler, and all pipes, and every and all appliances and fixtures used in the operation of ditch, and together with all rights, privileges and franchises of said party of the first part, in the construction, maintenance and operation of said ditch, and the appropriation of and right to water from Grand river as now appropriated or hereafter appropriated for said ditch by said party of the first part. Together with all rights to the use of water for irrigating said premises, and for domestic use thereon, to which the said party of the first part or the premises hereby conveyed has now or may hereafter become entitled, however the same may be evidenced, and together with all shares of stock, or shares of water in any ditch or irrigating company which in any manner entitles said party of the first part to water for irrigating or domestic purposes."

It seems that after the execution of the deed of trust, the Alta ditch was extended about six miles in a westerly direction, and that all the moneys borrowed from the appellant company were used by The Alta Land and Water Company in the construction of the ditch, and in releasing it from certain liens existing at the time of the execution of the deed of trust. The Alta company then, in May 1893, attempted to supply its ditch with water by means of the pumping plant, but, after operating it for three or four days, the machinery was found to be inadequate and the work was abandoned. This work resulted in getting water through, and settling, about one-half mile of the ditch. George Smith and Alexander Struthers were the principal officers of the Alta company, and were in personal charge of its affairs. In October following this attempt to get water into the Alta ditch by means of the pumping plant, Smith and Struthers and others formed The Smith & Struthers Ditch Company, and built what is known as the Smith & Struthers ditch, which is described in the testimony as a ditch eight miles long that taps Plateau creek about three quarters of a mile from the mouth

of the creek; thence along the bank of Grand river until it comes to Rapid creek, where there is a headgate; thence down the bank of the river about one mile, where it crosses the Grand river by means of a pipe-line; thence through a canon by about eight hundred feet of fluming; and thence two miles to the terminus of the ditch. The ditch is said to have cost fifty thousand dollars. It was built to supply the lands under The Alta Land and Water Company's ditch with water, by flowing water from the Smith & Struthers ditch through the Alta ditch; and with the intention (as is shown by the correspondence) of deeding it, when completed and in operation, to The Alta Land and Water Company.

Upon the representations of Smith and Struthers that they were short of money owing to the expense incurred in building the Smith & Struthers ditch, the appellant company granted several extensions of time to The Alta Land and Water Company in the payment of interest, and paid some taxes that should have been paid by The Alta Land and Water Company. Shortly after the commencement of the Smith & Struthers ditch, the iron pipe that was used at the pumping plant of the Alta ditch was, with the consent of the appellant company, moved about a mile up the river by the Smith & Struthers Company and used to convey water across the river from the Smith & Struthers ditch to be turned into the Alta ditch; and water was so turned into the Alta ditch in sufficient quantity to settle about six miles of that ditch, but no further use has been made of it.

In 1897 a survey was made by Alexander Struthers of a ditch called the Plateau Grand Canal, intended as an enlargement and extension of both the other ditches, and a statement was filed claiming appropriations of water from the Grand river, Plateau creek, and Rapid creek; but no work appears to have been done on it, and in any event the appellant company can have no stronger claim to this ditch as subsequently acquired property, or as appendant or appurtenant to the Alta ditch, than it has

to the Smith & Struthers ditch.

The court ordered a foreclosure of the deed of trust on all the property mentioned in it, including the iron pipe which was moved from the pumping plant to a point up the river, and found:

"That the Smith & Struthers ditch is not bound by the deed of trust to the plaintiffs, and that the lien created by said deed of trust of The Alta Land and Water Company does not attach to nor include the said Smith & Struthers ditch; and that the rights and appropriations acquired by The Alta Land and Water Company were not changed as to the place of diversion by the construction of the Smith & Struthers ditch. That Smith & Struthers, notwithstanding the fact that they were officers of The Alta Land and Water Company, were not estopped from acquiring title and property, as against The Alta Land and Water Company and its asigns, to the Smith & Struthers ditch and its appropriations, although the water conveyed through the Smith & Struthers ditch may have been, and was, allowed to flow into and through the ditch of The Alta Land and Water Company. * * * That the Smith & Struthers ditch was constructed as an entirely separate and distinct appropriation of water from Rapid creek and from Plateau creek, and did not in the least interfere with the appropriation of the Land and Water company's appropriations of water from the Grand river. That the plaintiff had full knowledge that the defendants Smith & Struthers were constructing said ditch under and by virtue of an entirely different and separate appropriation from that of The Alta Land and Water Company's, and consented to the use of certain iron pipe, belonging to said company, for the purpose of connecting the Smith & Struthers ditch with The Alta Land and Water. Company's ditch, and for conveying the water across the Grand river."

These findings of fact are supported by the evidence; and the law as announced by the court, based upon these findings of fact,

is undoubtedly correct. The testimony shows that no money of The Alta Land and Water Company or of The Farm Investment Company was used in the construction of the Smith & Struthers ditch, and that Smith & Struthers were not employed by the Alta Company or The Farm Investment Company to build this Smith & Struthers ditch. So that it clearly appears that the Alta Company did not have either a legal or an equitable interest in the Smith & Struthers ditch.

It has been announced by this court that where apt words are used in the mortgage, property acquired subsequently to its execution may become subject to the lien thereof (*Jarvis v. State Bank,* 22 Colo., 309) ; but no case has been cited to us which holds that property standing in the name of some person other than the mortgagor becomes subject to the lien of the mortgage unless the mortgagor has a legal or equitable interest therein.

The Farm Investment Company was permitted to foreclose its deed of trust as to all of the property of The Alta Land and Water Company at the time of the foreclosure. This embraced not only the property in existence at the time of the execution of the deed of trust; but an extension of six miles or more made thereafter to the Alta ditch. It was denied the right to sell under its deed of trust the Smith & Struthers ditch, which was never owned by the Alta Land and Water Company, but which was constructed by Smith & Struthers with their individual funds, in the hope, it is true, of getting water upon the lands conveyed by the deed of trust, and of making sales of such lands, and of paying the indebtedness of The Alta Land and Water Company, and finally, of consolidating the ditches; but the court found that it was constructed under a separate and distinct appropriation from that of The Alta Land and Water Company, that it did not in the least interfere with the appropriation of that company, and that the plaintiff company had full knowledge that it was being so constructed, and consented to the use of the iron pipe in the Smith & Struthers ditch. The

fact that Alexander Struthers and George Smith were officers and directors of The Alta Land and Water Company and of the Smith & Struthers Ditch Company did not estop the latter company from acquiring as its property the eight miles of ditch above the headgate of The Land and Water Company's ditch.

Under the circumstances of this case, it would seem to be most inequitable and unjust to subject this property to the lien of the deed of trust as after-acquired property of The Alta Land and Water Company; as it affirmatively appears that no money of The Alta Land and Water Company or of The Farm Investment Company has been used in the construction of the ditch, and that the construction of the ditch has not, except by the temporary removal of the pipe, impaired the security of the plaintiff company.

The facts as established clearly sustain the judgment of the court refusing to extend the lien of the deed of trust to the property of The Smith & Struthers Ditch Company, and the judgment is therefore affirmed.

*Affirmed.*